**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**
Bankruptcy Judge Thomas B. McNamara

| | |
|---|---|
| In re:<br><br>JUSTIN BRIAN GOMEZ,<br><br>Debtor. | Bankruptcy Case No. 26-10040 TBM<br>Chapter 7 |

# ORDER DENYING APPLICATION FOR WAIVER OF FEE FOR APPEAL

## The Bankruptcy Case, Contempt Motion, and Related Discovery Dispute

On January 5, 2026, the Debtor, Justin Brian Gomez ("Mr. Gomez"), initiated this Bankruptcy Case by filing a Petition for Relief under Chapter 7 of the Bankruptcy Code. (Docket No. 1.) On April 13, 2026, the Court entered and "Order of Discharge," thereby discharging Mr. Gomez of his pre-petition debts. (Docket No. 24, the "Discharge Order.")

Not long after entry of the Discharge Order, on May 13, 2026, Mr. Gomez filed a "Motion for Contempt and Sanctions for Violation of Discharge Injunction Pursuant to 11 U.S.C. §§ 105(a) and 524(a)(2)" (Docket No. 29, the "Contempt Motion") against First Service Credit Union ("FSCU"). (Docket No. 10.) FSCU filed a "Response" in opposition to the Contempt Motion. (Docket No. 31, the "Response.")

The Court conducted a hearing on the Contempt Motion and Response on June 18, 2026, and set the dispute over the Contempt Motion and Response for trial on September 14, 2026. (Docket No. 40.). The Court also set various pre-trial deadlines including for discovery, exchange of exhibits, filing of witness and exhibit lists, and submission of legal briefs. (*Id.*) Later, a dispute about discovery arose between the parties, and the Court held a hearing on the discovery dispute at which it entered various orders related to the discovery dispute and modified some pre-trial deadlines. The Court memorialized its findings in a "Minutes of Proceeding/Minute Order" (Docket No. 69, the "Discovery Dispute Order") issued August 17, 2026.

## Appeal of the Discovery Dispute Order and a Application for Waiver of the Appellate Fee

On August 28, 2026, Mr. Gomez filed "Debtor's Notice of Appeal and Statement of Election" (Docket No. 78, the "Notice of Appeal") as well as "Debtor's Motion for Leave to Appeal the Court's Order at Dkt 69 Under 28 U.S.C. § 158(a)(3) and Fed. R. Bankr. P. 8004" (Docket No. 79, the "Motion for Interlocutory Appeal"). Two days later, on August 30, 2026, Mr. Gomez paid the $298.00 fee for filing the Notice of Appeal

(Docket No. 81) and filed a "Notice Regarding CM/ECF Lockout and Payment of Appeal Fee While Fee-Waiver Application Remains Pending" (Docket No. 82, the "Notice").

In the Notice of Appeal, Mr. Gomez states that he appeals the Discovery Dispute Order and elects to have the appeal heard by the United States District Court for the District of Colorado. He attaches to the Notice of Appeal a copy of the Discovery Dispute Order as well as an "Application to Have the Chapter 7 Filing Fee Waived" (Docket No. 78-2, the "Application").

In the Application, Mr. Gomez states that has a household of two people and is unable to pay the filing fee because "Fixed income is committed to essential expenses. I lack uncommitted funds to pay the fee, in full or in installments, without diverting from necessities."

With the Application, Mr. Gomez submits a Schedule I showing income in the total amount of $9,959.00 per month, including $2,844.00 from Social Security; $4,901.00 from Veteran Disability Compensation; $892.00 from "Pension or other retirement income"; and $1,322.00 from CRSC, as well as supporting documentation for this income. Mr. Gomez also submitted with the Application a Schedule J showing expenses of $8,763.00 per month. After deducting such expenses from the income listed in Schedule I, Mr. Gomez's Schedule J shows monthly net income of $1,196.00.

In the Notice, Mr. Gomez complains that, because he did not pay a filing fee at the time he filed the Notice of Appeal, he was "locked out" from the CM/ECF filing system, notwithstanding that he had filed the Application. Mr. Gomez further states affirmatively that he does not abandon the Application and still wishes for the Court to adjudicate the Application; however, he paid the filing fee in order to ensure that his Notice of Appeal and Motion for Interlocutory Appeal are adjudicated. If the Application is granted, Mr. Gomez states, he will request refund of the $298.00 payment.

## **Filing Errors**

As an initial matter, the Court observes that the Application is one used by Chapter 7 debtors who seek waiver of the fee for filing a Chapter 7 case in the first instance (something the Debtor already did on January 6, 2026 (Docket No. 6)) and that is not technically a motion for waiver of the fee to appeal a Court order. The Court also observes that the Application was not properly submitted to the Court, as it was not filed as standalone request, but rather as an attachment to the Notice of Appeal. *See* Fed. R. Bank. P. 9013 (providing that a request for an order must be made by written motion or application). However, based on the Notice, the Court now understands that, by filing the Application, Mr. Gomez intended to seek waiver of the appellate fee. Therefore, despite the filing errors, and based on the information provided in the Notice, the Court will exercise its discretion to review and will treat the Application as a motion for waiver of the fee to appeal the Discovery Dispute Order.

## **Applicable Legal Authority**

The request for waiver of the appellate filing fee is governed by 28 U.S.C. § 1915(a)(1), which provides, in relevant part:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

The process for determining eligibility for waiver of the appellate fee is governed by 28 U.S.C. § 1930(f)(1), which provides:

> Under the procedures prescribed by the Judicial Conference of the United States, the district court or the bankruptcy court may waive the filing fee in a case under chapter 7 of title 11 for an individual if the court determines that such individual has income less than 150 percent of the income official poverty line (as defined by the Office of Management and Budget, and revised annually in accordance with section 673(2) of the Omnibus Budget Reconciliation Act of 1981) applicable to a family of the size involved and is unable to pay that fee in installments. For purposes of this paragraph, the term "filing fee" means the filing fee required by subsection (a), or any other fee prescribed by the Judicial Conference under subsections (b) and (c) that is payable to the clerk upon the commencement of a case under chapter 7.

The applicant for the waiver bears the burden of proving by a preponderance of the evidence that his circumstances satisfy the requirements of the fee waiver provision. *In re Machia*, 360 B.R. 416 (Bankr. D. Vt. 2007) (citing *In re Burr*, 344 B.R. 234, 236 (Bankr. W.D.N.Y. 2006) and *In re Nuttall*, 334 B.R. 921, 923 (Bankr. W.D. Mo. 2005)). In evaluating whether Mr. Gomez qualifies for a waiver of the appellate filing fee, the Court considers whether Mr. Gomez's income is below 150% of the poverty line and other relevant circumstances. *See* 28 U.S.C. § 1930(f)(1).

Per the Schedule I submitted with the Application, Mr. Gomez' total income is $9,959.00 per month.[1] Meanwhile, 150% of the poverty guideline for a household of

[1] Mr. Gomez's income from Social Security, Veteran Disability Compensation; pension and CRSC pay are all properly considered as income in the Court's evaluation of whether to waive the filing fee. *See*

two is $2,705.00 per month. Mr. Gomez's Schedule J also shows that, after paying his monthly expenses, he has $1,196.00 in net monthly income. Accordingly, Mr. Gomez has not established that his income is below 150% of the poverty line nor that he is unable to pay the appellate filing fee such that the Court can determine that he is eligible for waiver of the appellate filing fee. Mr. Gomez has failed to meet his burden.

**Order**

Because Mr. Gomez has not demonstrated that he meets the requirements for waiver of the appellate filing fee under 28 U.S.C. § 1930(f)(1), it is

ORDERED that the request for waiver in the Application is DENIED.

DATED this 1st day of September, 2026.

BY THE COURT:

Thomas B. McNamara
United States Bankruptcy Judge

---

*Dahar v. Foistner (In re Foistner)*, 2025 WL 25448, at *2 (Bankr. D.N.H. Jan. 2. 2025) (holding that federal courts must consider income from all sources when determining requests to waive appellate fees) and *In re Cary*, 2017 WL 1501395 (affirming denial of fee waiver where debtor's income, including retirement and disability, exceeds 150 percent of applicable poverty guideline). *Cf. In re Diaz*, 2026 WL 1864219, at *2 (Bankr. N.D. Ohio Jun. 26, 2026) (determining that all sources of income, including military disability benefits, should be considered as income for purposes of determining whether debtor was eligible for waiver of Chapter 7 filing fee).